## MARSH v. SHACKFORD.

A widow who pays for photographs of her deceased husband, which he had ordered, does not acquire thereby his rights, if any, to the negative retained by the photographer.

CASE.   The first count alleges that " the defendant at Farmington, in the county of Strafford, contracted with the plaintiff's husband, Walter E. Marsh, now deceased, to take his photographs for a valuable consideration and did take the same.   The plaintiff further says that her said husband died on the fourteenth day of September, A. D. 1890, and that at or about the time of his death she sent to defendant for said photographs and that on the seventeenth day of September, A. D. 1890, she received and paid for the same.   That the defendant afterwards to wit: some time in September or October of the same year, without her permission, knowledge or consent, from a negative which he had retained,.

and which was then and there the property of the plaintiff, took, made or caused to be taken or made, certain other pictures or photographs of her said husband, which said pictures or photographs the defendant sold or caused to be sold, without the plaintiff's knowledge or consent, all of which is to the damage of the plaintiff, as she says, the sum of one thousand dollars." The second count is like the first, except that the allegation "and which was then and there the property of the plaintiff" is omitted. The defendant demurred.

*Edwin H. Shannon* and *Thomas Cogswell*, for the plaintiff.

*Jewell & Stone*, for the defendant.

*Per Curiam.** The first count alleges as the cause of action the wrongful use by the defendant of the plaintiff's negative. If it originally belonged to her husband, or if, under his contract with the defendant, the latter owned it absolutely or conditionally, it is not alleged directly in what way the plaintiff acquired title to it. In the absence of an express statement of her ownership, it is to be inferred from the narrative of the dealings of the parties that her claim is that the title passed to her as a matter of law when she paid for the photographs. But this is an incorrect view of the law. Whatever the rights of the husband in the negative may have been, they did not pass as an incident of the photographs to any person who might pay for them. If she claimed any other title, it is to be presumed she would have averred it in an unambiguous form. The cause of action alleged in the second count is, the defendant's use of the negative without regard to its ownership. But it is not apparent how the plaintiff's legal rights have been infringed by the defendant's use of property which may belong to himself or to a third party. Nor is any special damage alleged in either count.

As no other cause of complaint is set forth than the defendant's use of property not alleged with legal certainty to be the plaintiff's, both counts are bad. It is not advisable to enter upon an examination of such a question as the right of a customer to prevent the taking and circulation of photographs of himself without his consent, or the right of his family after his death, in an action at law, in which the declaration states no special damage or cause of action with the distinctness required by the rules of pleading.

*Demurrer sustained.*

CARPENTER, J., did not sit: the others concurred.

---

* See foot-note on page 80.